IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SYSTEMS WEST PERFORMANCE, LLC,<br><br>             Plaintiff,<br>v.<br><br>JAMES FARLAND.,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS MOTION TO AMEND<br><br>Case No. 2:14-cv-0276<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

This matter is before the court on Plaintiff Systems West Performance, LLC's Motion to Amend Complaint.[1] The court has carefully reviewed the written memoranda submitted by the parties, and pursuant to Local Rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary. As set forth below the court GRANTS the motion.

## DISCUSSION

Through this motion, Plaintiff seeks leave to amend the original Complaint claiming only recently did it learn of facts justifying the additional claims.[2] Initially Plaintiff sought to file two amended claims for relief. In response to Defendant's opposition, however, Plaintiff withdrew its proposed Fifth Claim for Relief (Unfair Competition) and now only seeks to add a claim for fraud.[3] Plaintiff's motion was filed on January 15, 2015, the deadline to file amended pleadings pursuant to the scheduling order.[4] Thus, the court finds the motion timely.

---

[1] Docket no. 25.

[2] Mtn p. 3.

[3] Reply p. 1, docket no. 29.

[4] *See* Scheduling Order, docket no. 15.

Defendant contests Plaintiff's motion arguing that the proposed Unfair Competition Claim was futile and failed to state a claim for relief.  It appears Plaintiff agreed with this position because as mentioned previously Plaintiff withdrew this claim.  Defendant further argued that the proposed Fourth Claim for Fraud failed to meet the particularity standard.[5]  Once again, apparently Plaintiff agreed with this argument because Plaintiff filed an amended Fourth Claim for Fraud attached to its reply memorandum.[6]

Federal Rule of Civil Procedure 15(a)(2) specifies that "[t]he court should freely give leave when justice so requires."[7]  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[8]  The court finds the standards of Rule 15(a)(2) are met in this case.  Plaintiff's filing of a revised Amended Complaint in response to Defendants arguments is not the preferred practice.  Rather, Plaintiff should have remedied any flaws in the proposed Amended Complaint prior to Defendant pointing them out in opposition.  But, as this case is early in the proceedings and because there is no undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies,[9] the court will grant Plaintiff's motion.[10]

---

[5] Op. p. 3, docket no. 26.

[6] Reply ex. 1, docket no. 29.

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Minter v.Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation omitted).

[9] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[10] Docket no. 25.

ORDER

For the reasons set forth above the Court GRANTS Plaintiffs Motion To Amend/Correct the Complaint.[11]

DATED this 23 February 2015.

Brooke C. Wells
United States Magistrate Judge

---

[11] Docket no. 25.