IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SYSTEMS WEST PERFORMANCE, LLC,<br><br>                              Plaintiff,<br>v.<br><br>JAMES FARLAND.,<br><br>                              Defendant. | ORDER AND MEMORANDUM DECISION GRANTING SHORT FORM MOTION TO COMPEL DISCOVERY FROM PLAINTIFF<br><br>Case No. 2:14-cv-0276<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

This matter is before the court on Defendant James Farland's Short Form Motion to Compel Discovery from Plaintiff.[1]  There has been no opposition filed in response to Defendant's motion and the time to do so under the Local Rules has passed.[2]  The court finds no need to hold oral argument,[3] and based on the failure to respond timely to the motion,[4] for good cause shown and for those reasons discussed below the court GRANTS the Motion to Compel as follows.

Federal Rule 30(d)(1) provides that the "court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."[5]  Defendant asserts that on September 10, 2015, Cindy Klein left her deposition before its conclusion on the advice of

---

[1] Docket no. 81.

[2] DUCivR 7-1(b)(3)(B) (2015) ("A memorandum opposing any motion that is not a motion filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion or within such time as allowed by the court.")

[3] *See* DUCivR 7-1(f) (2015).

[4] *See id.* 7-1(d) ("Failure to respond timely to a motion may result in the court' granting the motion without further notice.")

[5] Fed. R. Civ. P. 30(d)(1).

counsel.[6]  This deposition appears to have been properly noticed and Ms. Klein had another appointment that required early termination of the deposition.

Therefore Defendant's Short Form Motion to Compel Discovery is GRANTED and Cindy Klein is ORDERED to appear and provide deposition testimony based upon Rule 30 no later than January 29, 2015.

Defendant's request for fees is DENIED without prejudice at this time.  Federal Rule 30(d)(2) provides for sanctions against the party who "impedes, delays, or frustrates the fair examination of the deponent."[7]  Depending on Ms. Klein's compliance with this order the court will consider the imposition of fees incurred based upon the need to hold another deposition and bring the instant motion.

Finally, it is FURTHER ORDERED that the parties provide an update within seven (7) days from the date of this order on the status of Plaintiff Systems West Performance's Short Form Motion to Compel Answers to Deposition Questions.[8]  It appears to the court that this motion remains outstanding.  The court, however, desires to know if there has been any resolution to the questions sought by Plaintiff.[9]

---

[6] Mtn p. 2.

[7] Fed. R. Civ. P. 30(d)(2).

[8] Docket no. 70.

[9] The court notes that the proper procedure appears to have been for Defendant's counsel to note any objections on the record and then proceed with the question rather than to prevent an answer to the question during the deposition. The parties are urged to use their best cooperative efforts in resolving discovery disputes.  The court's prior discussion regarding sanctions under Rule 30(d)(2) seems just as pertinent to Plaintiff's motion to compel as it does to Defendants.

IT IS SO ORDERED.

     DATED this 21 December 2015.

Brooke C. Wells
United States Magistrate Judge