IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SYSTEMS WEST PERFORMANCE, LLC,<br><br>Plaintiff,<br>v.<br><br>JAMES FARLAND,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR RECONSIDERATION<br><br>Case No. 2:14-cv-276 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Before the court is Plaintiff's Motion for Reconsideration of the court's December 21, 2015 order compelling additional discovery from Plaintiff.[1] The United States Court of Appeals for the Tenth Circuit has stated three grounds that warrant a motion to reconsider: (1) An intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.[2] Although the court retains "discretion to revise interlocutory orders prior to entry of final judgment,"[3] a motion to reconsider should be granted only where the court "misapprehended the facts, a party's position, or the controlling law."[4] A motion to reconsider is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."[5] Nor is it "a new opportunity to advance old arguments."[6]

---

[1] Docket no. 87.

[2] *Brunmark Corp. v. Samson Resources Corp*. 57 FF3 941,948 (10 Cir. 1995).

[3] *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir.2005).

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) (other citations omitted)).

[5] *Id.*

[6] *Buck v. Myers*, 2008 WL 2224302, at *1 (D. Utah May 29, 2008).

Plaintiff asks the court to reconsider its order based upon a mis-reading of the Short Form Discovery Motion Procedure Order.  On October 30, 2015, Defendant James Farland, filed a short form motion to compel discovery.[7]  Rather than ordering briefing on the motion or scheduling a hearing, either of which is permissible under the Short Form Discovery Motion Procedure,[8] the court granted the motion on December 21, 2015, citing to the lack of any opposition being filed by Plaintiff.  Thus after no response from Plaintiff to the motion for approximately eighty (80) days, the court proceeded to grant it.[9]

The court agrees with Plaintiff that a close reading of the Short Form Order supports a reconsideration of the December 21, 2015.  It is therefore ORDERED that Plaintiff's Motion to Reconsider is GRANTED.

The court has carefully reviewed Plaintiff's opposition memo that is attached to the motion to reconsider.[10]  After doing so the court is persuaded that additional deposition time for Cindy Klein is warranted.  The court will allow an additional hour and a half of deposition time.  This is a reasonable compromise based upon Defendant being partially at fault for not noticing the deposition earlier and then arguing that the timing of it should be based on Mountain time rather than Eastern time.[11]  In addition, based upon Defendant being partially responsible for the misunderstanding during the deposition, the request for fees in the motion is DENIED.  It is therefore

---

[7] Docket no. 81.

[8] Docket no. 16.

[9] In the future it is advisable for the parties to be more diligent in pursuing a matter.  For example, Plaintiff may have easily called chambers to inquire whether a hearing would be held on the motion or if briefing would be ordered.  Or, as it was Defendant's motion, Defendant could have also made a similar inquiry.

[10] Motion to Reconsider, ex. 1.

[11] *Id.* at p. 3.

ORDERED that the prior Motion to Compel is GRANTED IN PART.[12] The parties are directed to work together to schedule a deposition time within thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED this 7 January 2016.

Brooke C. Wells
United States Magistrate Judge

---

[12] Docket no. 84.